ROBERT TODD'S ADMR. *v.* R. SOUTHGATE'S EX'R.

**Evidence—Competency—Interest of Witness—Credibility.**

As a general rule a witness must have a direct and certain interest in the result of the suit to render him incompetent. If he is neither to gain nor lose by the result and the verdict cannot be used as evidence in his favor he is competent; a contingent or doubtful interest goes only to his credibility.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 24, 1872.

OPINION BY JUDGE PETERS:

The writing sued on, bearing date the 1st day of October, 1856, purports to have been executed by James O. Hinde, Thomas H. Hinde and Robert Todd to Richard Southgate for three hundred and fifty dollars, due sixty days from date, with interest at the rate of ten per cent. per annum from date.

The suit was brought on the 14th of January, 1871, by the executors of the payee of the note against the personal representatives of Todd alone.

The answer in three separate paragraphs presents three defenses to bar the action. 1st. That Todd was only the surety of his co-obligor, James O. Hinde, and that more than seven years having elapsed after the maturity of the note before any action was brought against him or his personal representatives, the same was barred. 2d. That Southgate, in his lifetime, had agreed with Hinde, the principal, without the consent or knowledge of Todd to extend the time of payment of said note after its maturity, and did actually postpone the time of payment for a valuable consideration, whereby he, Todd, as surety, was discharged from any legal obligation to pay the debt.

And 3d. Payment of the debt.

This last paragraph of the answer was, however, discontinued.

To sustain their defense the appellants took the deposition of James O. Hinde, to which appellees excepted, their exceptions were sustained, and the deposition suppressed, and appellants offering no other evidence, judgment was rendered against them for the amount claimed and they have appealed.

From the foregoing statement it is obvious that the only question of importance involved in the appeal is whether the court below erred in suppressing the deposition of Hinde which certainly conduced to sustain the defense.

In *Todd v. Luckett,* 18 B. Mon. 125, this court said, as a general rule, a witness must have a direct and certain interest in the result of the suit to render him incompetent. If he is neither to gain nor lose by the result, and the verdict cannot be used as evidence in his favor, he is competent; a contingent, doubtful interest goes only to his credibility.

In this case James O. Hinde was not even a party to the record, and certainly was not interested in the issue in behalf of himself. The verdict and judgment rendered in the case could not have been used as evidence in his favor and whether appellants succeeded or not, his liability could not be dismissed, for if they succeeded he would still be bound for the debt to Southgate's representatives, and if they failed and had the debt to pay he would be responsible to them for the amount; so that in any event his interest was equipoised.

*Craig, etc., v. Hudson's Admr.,* M. S. S. opinion; at the present term.

The court below, therefore, erred in sustaining the exception to and excluding the deposition of Hinde. Wherefore, the judgment is reversed, and the cause is remanded for a new trial and for further proceedings herewith.

*Webster, for appellants.*

*Hallam & Hallam, for appellee.*